# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

**CRIMINAL ACTION NO.  26-cr-57-SCM**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

 **V.**

**KADRIOAN SERAINITY SANTIAGO**                                  **DEFENDANT**

**\*   \*   \*   \*   \***

### OPPOSITION  TO MOTION TO REVOKE DETENTION ORDER

The United States opposes Defendant Kadrioan Serainity Santiago's  (Santiago) Motion to Revoke his detention order. DE 33.

On April 17, 2026, Santiago made an initial appearance on a criminal complaint charging him with a violation of 18 U.S.C. 875(c), making threatening interstate communications.  After a hearing, Santiago was ordered detained. DE  13. The court found that there was no combination of conditions of release that would assure the safety of any person or the community or that would reasonably assure Santiago's appearance. *Id*. at 3. In making that decision, the court found that the crime involved firearms. *Id.* Specifically, the court found that Santiago "made threats of harm to others while displaying firearms." *Id.*  Santiago was living in his car and within the car were an AR-15 style rifle, a loaded Glock pistol, a 10/22 rifle as well as ammunition and associated magazines and drug paraphernalia.  *Id.*  The court found that Santiago was subject to a

lengthy period of incarceration if convicted, and that he had a history of alcohol or substance abuse, lack of stable employment, lack of stable residence, and lack of financially responsible sureties. *Id.* at 3-4. Santiago had a history of carrying an AR-15 style assault weapon on a college campus with a bayonet and loaded magazines, and he had a history of accidental discharge of a firearm in a public place. *Id.* at 4. He also had undiagnosed mental health conditions. *Id.*

On May 7, 2026, Santiago was indicted on two counts of making interstate threatening communications.  DE 15.   On May 17, 2026, Santiago moved to reopen his detention hearing. DE 21. The Magistrate denied the Motion. DE 28.

Pursuant to 18 U.S.C. § 3145(b), a defendant may move to revoke a Magistrate's detention order. *United States v. Hughes*, 668 F. Supp. 3d 744, 746 (S.D. Ohio 2023). A district judge must make a *de novo* review of the detention order. *Id.* A hearing is not required. *Id*; *United States v. Woods*, 2026 WL 1618547, n. 2 (N.D. Ohio June 5, 2026)(citing cases to support district court has discretion on whether to conduct an evidentiary hearing on the motion for revocation).

"The custodial status of a pretrial criminal defendant is governed by 18 U.S.C. § 3142, which provides that such person shall be detained upon a determination that 'no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community.'" *United States v. Lidderdale*, 795 F. Supp. 3d 1024, 1026 (S.D. Ohio 2025)(quoting 18 U.S.C. § 3142(e). "The Court is directed to consider four factors in making this determination: (1) the nature and circumstances of the offense charged, including whether the offense is a

2

crime of violence . . . or involves a firearm . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion for an offense . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* at 1026-27 (citing 18 U.S.C. § 3142(g)).

The nature and circumstances of the offense and the weight of the evidence of dangerousness favors Santiago's detention. A grand jury has found probable cause that Santiago's March 27th posts communicate "a serious expression of an intention to inflict bodily harm." *United States v. Cooper*, 2019 WL 4259454, * 3 (M.D. Tenn. Sept. 9, 2019). "Communicating a threat in violation of 18 U.S.C. §875(c) constitutes a crime of violence under the Bail Reform Act." *Id.*; 18 U.S.C. § 3142(g)(1). Santiago's "statements communicate an intent to commit crimes of violence that, if realized, would put members of the community in grave danger." *Id.* Additionally, the crime involved firearms. He used firearms in his online threats and was in possession of firearms and ammunition that would have allowed him to carry out his threats. DE 1: Complaint, p. 10; DE 46: Tr. Detention Hearing, pp. 8-11; DE 13, p. 3. *Lidderdale*, at 1027-208; *United States v. Hagar*, 822 Fed. App'x 361, 371-72 (6th 2020)(finding that the "ability to carry out his

threats to [kill] people [i]s certainly a fact of consequence in determining whether communications were true threats").

Additionally, there is indication that Santiago abuses alcohol, and there was marijuana shake in the vehicle in which he was living and kept firearms and ammunition. DE 26, p. 10-14. Santiago argues that treatment at an inpatient center will alleviate any concerns about drug and alcohol abuse and housing issues, but there is no indication from the bed letter from Stepworks, the treatment facility he wants to be released to, that they could or would prohibit Santiago from accessing the internet. Community safety is of paramount concern in this case. "'The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community.'" *United States v. Dai*, 2023 WL 11016392, *9 (N.D. N.Y. Dec. 19, 2023)(citing *United States v. Kroeker*, 2022 WL 2610344, * 4 (10th Cir. July 8, 2022). Threats "terrorize people. They affect the safety, security, and well-being of people. They induce fear." *Id.* (internal citations and quotations omitted). Access to any devices that could connect to the internet would allow Santiago "to create and post more violent threats." *Id.*

The United States does not agree with Santiago's estimated guideline calculations should he be convicted. DE 33, p. 6. The United States believes that Santiago faces a more significant guideline range should he be convicted; and thus, he has an incentive to flee from the proceedings. The Stepworks online brochure indicates that patients have the legal right to demand discharge against medical advice indicating that Santiago would

4

be able to leave at-will.  *See* https://www.stepworks.com/faq/(last visited May 26, 2026). While Santiago has family ties to the Eastern District of Kentucky, his father resides in Mexico, and Santiago has visited him there. DE 26, p. 46. He also told FBI that he took a short trip to Chicago this year. *Id.* at 13.

Furthermore, when his family was interviewed by pre-trial services prior to the detention hearing, there were discrepancies between the information they provided about Santiago's pre-arrest living arrangements and his mental health and what he told the officer. There were also discrepancies about what Santiago said about his substance abuse and the evidence presented at the detention hearing. These discrepancies call into question Santiago's trustworthiness which in turn calls into question whether Santiago would comply with release conditions. *See United States v. Cornish,* 449 F. Supp. 3d 681, 684 (E.D. Ky. March 30, 2020)(noting that "conditional release ultimately depends on assessment of defendant's good faith intentions and predicted compliance with conditions imposed").

Accordingly, the United States requests that this Court deny Santiago's Motion to Revoke his Detention Order and keep him detained pending trial.

Respectfully submitted,

JASON D. PARMAN
FIRST ASSISTANT U.S. ATTORNEY

By:  /s/ Emily K. Greenfield
Emily K. Greenfield
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507
(859) 685-4811
Emily.Greenfield@usdoj.gov

## CERTIFICATE OF SERVICE

On July 14, 2026, I electronically filed this document through the ECF system, which will send notice to counsel of record.

/s/ Emily K. Greenfield
Assistant United States Attorney